# Coverdale Electric Light Co. v. Public Service Commission.

*Corporations—Public Service Commission—Approval of charter —Electric companies—Combination of companies.*

The discretion of the Public Service Commission in approving the charter of an electric light and power company, will not be reviewed and its action reversed, where it appears that the new company was organized as a combination of three older companies, intended to take up the service of such companies in their respective districts, and not in new territory, and the only parties objecting were other electric companies all created at a later date than the three companies merged.

Argued May 8, 1917.   Appeal, No. 140, April T., 1917, by Coverdale Electric Light Co., from order of Public Service Commission, No. 63, Application Docket 1916, approving incorporation of Big Beaver Township Lawrence Light, Heat & Power Co.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition against approval of charter.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the commission approving the charter.

*Walter Lyon,* with him *J. Rankin Martin* and *J. Norman Martin,* for appellants, cited:   Schuylkill Light,

Heat & Power Co., 1 P. C. R. 122; Towamensing Light, Heat & Power Co., 3 P. C. R. 366.

*Ralph J. Baker*, with him *Douglass D. Storey*, for appellee.—This is not a question of introducing competitive conditions, but of conserving and protecting an existing business established many years prior to the formation of Harmony Electric Company.

The commission's approval of these incorporations is not a departure from the established principle of protection from competition: Schuylkill L., H. & P. Co., 1 Pa. C. R. 122; Relief Electric Light, Heat & Power Co. Petition, 63 Pa. Superior Ct. 1.

OPINION BY HENDERSON, J., December 13, 1917:

This is an appeal from an order of the Public Service Commission approving the incorporation of Big Beaver Township Lawrence Light, Heat and Power Company, which company was formed for the purpose of supplying light, heat and power by means of electricity to the public in the Township of Big Beaver, Lawrence County, and territory adjacent thereto. Appeals were taken in seven other cases of like character involving the same controversy, all of which were heard at the same time and were treated as one case. It is not asserted that the approval of the charter in this and the other cases referred to was contrary to law. The act was one provided for by statute and was clearly within the power of the commission. The proposed corporation is one of a class authorized by statute and no legal objection appears to its incorporation. The complaint of the appellant is that it is a distributor of electricity in the territory in which the new company proposes to operate; that it will be a competing company; that the appellant is able and ready to furnish such electric light and power as may be required in that district; that the introduction of a new company will be prejudicial to the interests of the appellant and will institute destruc-

tive competition.  The reply to this complaint is that the proposed corporation is auxiliary to the Zelienople Electric Light, Heat and Power Company, The Pennsylvania Power Company, and the New Castle Electric Company, which companies are controlled by the same interests and have been engaged in the production and distribution of electricity for many years in the territory covered by the charter of the appellant and of the other appealing companies; that the appellant and the other appealing companies are of recent creation, having entered the field occupied by the Zelienople, the Pennsylvania, and the New Castle Companies in 1913 or later; that the object of incorporating the Big Beaver Township Lawrence Company and the other companies was to meet legal objections raised to the operating of the Zelienople, the Pennsylvania and the New Castle Companies in the territory occupied, and to the manner in which the business was conducted.  The commission heard the testimony offered by the contending parties and the statements and arguments of the respective counsel and reached the conclusion that the application in this and the other cases ought to be granted.  The fact was established that the Zelienople Electric Light, Heat and Power Company and the New Castle Electric Company have for a number of years been supplying electricity in the Borough of Zelienople and the City of New Castle respectively and in the territory adjacent thereto, and that the Pennsylvania Power Company has been for many years distributing electricity in the Borough of Ellwood City and in Wayne, Shenango and Big Beaver Townships in Lawrence County, and in Big Beaver Township, North Sewickley, Franklin and Marion Townships in Beaver County, and in Jackson Township in Butler County, and has been supplying electric currents to Zelienople and New Castle, and has also supplied other municipal districts.  All of this was done before the Harmony Electric Company, one of the appellants, was organized.  The question was raised whether

the Zelienople and New Castle Companies had authority to do business in certain townships as "adjacent territory," and the right of the Pennsylvania Power Company to furnish electric currents by steam power was also challenged. The commission evidently regarded the incorporation of the Big Beaver Township Lawrence Company and the companies named in the other appeals as protective measures intended to relieve the companies then engaged in furnishing electricity in that field from possible legal embarrassment by reason of lack of charter power. This was an exercise of such discretion as the law accords to the Public Service Commission. The case is not that of an intruder entering territory already occupied with a sufficient supply of electricity. The Lawrence and New Castle and Zelienople companies were engaged in the business before the appellants were incorporated. The proposed corporations are not organized to enter new territory, but are intended to take up the service of the Zelienople, New Castle and Lawrence companies in the territory for which the new charters are sought. In the light of the evidence and in view of the history of the companies involved, we are not convinced that the action of the Public Service Commission was unreasonable. We therefore affirm the order of the Public Service Commission and dismiss the appeal at the cost of the appellant.